UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 16 CR 671-1 |
| vs. | ) |
| | ) Judge Robert M. Dow, Jr., |
| DAVID CASTANEDA-SOLIS, | ) presiding |
| | ) |
| Defendant. | ) |

## SENTENCING MEMORANDUM

Defendant DAVID CASTANEDA-SOLIS, by and through his counsel, James A. Graham, respectfully files this Sentencing Memorandum and in support states as follows:

*Guideline Calculations*:

On October 13, 2016, a Indictment was filed charging DAVID CASTANEDA-SOLIS with Illegal Reentry. PSIR, p. 4, par. 1. DAVID CASTANEDA-SOLIS pled guilty on November 8, 2016 and the sentencing in this matter is set for March 30, 2017.

At that time his guidelines were calculated, by the parties in the Plea Agreement to be an offense level of 17, and a Criminal History Category of IV with a range of 37 to 46 months in custody. See Plea Agreement, page 6-7, R. 13.

The Presentence Investigation Report takes the same view as to the guidelines. PSIR, p. 15, par. 77.

Defendant agrees with the guidelines as calculated by the Probation Officer.

*Background Information on the Offense*:

DAVID CASTANEDA-SOLIS came to the United States when he was pretty young, brought by his family. He attended Kelvyn Park High School in Chicago. PSIR, p. 12, par. 59. Once his oldest child was born he dropped out of school to support his new family. *Id.* He has always been a hard worker. David has switched back and forth between working construction and working a farm depending on what kinds of work was available. He worked at the Citali Trim, a construction company between the years 2003 - 2007 and again in 2010 and 2011. He has also work for a family farm in Michoacan, Mexico. This is his current plan when he is released and deported back to Mexico.

Though he was not legally allowed to do so, Defendant returned to the Untied States because of the pressure that he was getting from his oldest daughter, Litzy, who is 11 years old. She missed her father and frankly was going through some very hard times growing up without him

At this point the Defendant plans to stay in Mexico. He has a cousin there that will offer him employment. David has two families. He plans to have his girlfriend and their younger children move to Mexico, and maintain regular contact with his older children, Kevin and Litzy. They will have to come for visits when that is available and permitted by both governments.

David understands the seriousness of this case, and that with each offense he is facing a long sentence. PSIR, p.11, par. 48. He is done with coming back to the United States.

As can be seen by the letters submitted, the Defendant has a great deal of support from his family. Those letters show that David has been and continues to be a good father. The letters were submitted to the Court as separate exhibits, and are in the record as docket numbers 20, 21, 22, 23, 24, 25, 26, 27, 28, and 29. Defendant's parents, his sisters and brother, his current girlfriend, his ex-wife and all of his children each wrote a letter in support of David and the fact that he is a wonderful father and that they will greatly miss him. *Id.* Each has also asked this Court for leniency when fashioning a sentence. *Id.*

While previously incarcerated Defendant made use of his time by attending classes. As set forth in the report, BOP records indicate that David completed the following courses; faith based; new beginnings, carpentry; core; English as a second language, sexual assault awareness, HIV awareness, hepatitis awareness. PSIR, p. 13, par. 60. In the past Defendant started, but was not able to complete his General Educational Development certificate. *Id.* David would like to get his G.E.D. while incarcerated, and would ask for the Court's help in achieving that goal.

Defendant would ask this Court to take these facts and circumstances into consideration in fashioning a sentence.

### *§ 3553(a) Factors that Should be Considered*:

The Supreme Court's decision in *Booker* that the mandatory nature of the Sentencing Guidelines violated the Sixth Amendment of the Constitution of the United States has led to a series of cases that clarifies the authority of a sentencing

court to fashion an individualized sentence. *United States v. Booker*, 543 U.S. 220, 226-27 (2005)l See, for example *Rita v. United States*, 551 U.S. 338 (2007); *Cunninghan v. California*, 549 U.S. 270 (2007); *Kimbrough v. United States*, 552 U.S. 85 (2007); *Gall v. United States*, 128 S.Ct. 586 (2007); and *Nelson v. United States*, 129 S.Ct. 890 (2009)(*per curium*).

The holdings of these cases are well known and need not be repeated here. The court must first correctly calculate the advisory Guideline range. The Guidelines are only the starting point, however the court must then consider the other § 3553(a) factors. In considering these factors the court must not presume that the Guideline range is reasonable or correct, but must make an individualized assessment based upon the facts and applicable law.

The § 3553(a) factors are "broad, vague, and open-ended. . . . " so the sentencing judge has considerable discretion to individualize the sentence to the offense and the offender as long as the judge's reasoning is consistent with § 3553(a)." *United States v. Wachawiak*, 496 F.3d 744, 748 (7th Cir. 2007). "In reviewing the substantive reasonableness of a sentence that falls outside the advisory guideline range, we must give due deference to the district court's determination that the section 3553(a) factors, taken as a whole, justified the extent of the variance." *United States v. Carter*, 538 F.3d 784, 789-90 (7th Cir. 2008). *Gall v. United States*, 128 S.Ct. at 597.

The ultimate goal is to "impose a sentence sufficient, but not greater than

necessary to comply with" . . . "the need for the sentence imposed"; "(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." In determining the "sufficient but not greater than necessary" sentence, the statute also directs the court to consider "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a).

Pursuant to § 3553(a), Defendant submits that the above listed factors call for a sentence at the low end of the applicable guideline range.

*Objections / Corrections to Language in the Presentence Investigation Report:*

There is an arrest that is listed in the Presentence Investigation Report. Defendant is not taking issue with the fact that the Probation Officer obtained this information from police reports or other official documents, however Defendant states that some of the information is incomplete, inaccurate, and offers the following explanation or clarification to the information contained in that entry in the Presentence Investigation Report.

The report in paragraph 41, pages 9 and 10 states that at the age of 18 Defendant was arrested with others for disorderly conduct. It says in the report that the police report reflects that defendant and his co-arrestees were throwing objects and displaying gang signs.

David Castaneda-Solis states that there was a boy and girl on the street. The young man wanted to fight one of the people David was with because of the girl he was with. The boy, after provoking the group called the police and apparently made up a story. There was nothing thrown, and there were never any gang signs displayed. The case was dismissed when everyone appeared in state court. *Id*

David and his father were asked about gang membership or affiliation. David stated that he never was a gang member, nor did he associate with people that were members of a gang. PSIR, p. 11, par. 51. This was corroborated by David's father when he was interviewed. *Id.*

Defendant would respectfully request that all references to David being affiliated with a gang be removed from the Presentence Investigation Report (See PSIR, par. 41, pp. 9 -10).

Additionally, the probation officer lists on page 5, paragraph 9 that the Defendant had an i.d. in an alias name. The probation officer lists that as a "United States identification card." It was not a state or federal identification card. It was not a official state or federal identification card as stated. Probation also uses this inaccurate statement in fashioning her recommendation to the Court. See Sealed Recommendation.

Additionally, the probation officer sets forth other allegations on page 7, paragraphs 27, and 28. Defendant objects to this information being set forth in the Report. **Defendant was not a target of the investigation**. Defendant has

asked for additional information on this, and has received very little, probably because this was an investigation conducted primarily by state law enforcement. Defendant would argue that *if* he was actively involved - he would have been known to the authorities as a participant. He was not known as a participant by the law enforcement agencies involved. PSIR, p. 7, par. 29. Additionally, he has not been charged with any offenses connected with this incident either in state or federal court.

*Defendant Should Receive A Reduction From This Court*
*For the Time He Spent in ICE Custody That Will Not be*
*Counted Towards His Sentence*:

The Defendant was arrested on August 12, 2016. PSIR, p. 4, par. 2. He then spent from August 12, 2016 till November 8, 2016 in ICE custody. PSIR, p. 13, par. 63. This is a period of roughly 3 months. Specifically he spent 88 days in custody that will not, but should count towards his sentence because of the way the BOP will calculate the Defendant's sentence. Defendant would ask this Court to subtract 3 months from the sentence this Court imposes so that Defendant will receive credit for this time.

WHEREFORE, Defendant DAVID CASTANEDA-SOLIS respectfully requests that this Court consider the facts and arguments set forth in this pleading in fashioning a sentence for him at a point at the low end of the guidelines for all of the reasons set forth above.

                  Respectfully submitted,

                  s/ *James A. Graham*
                  Attorney for DAVID CASTANEDA-SOLIS

James A. Graham (ARDC 6184279)
Attorney at Law
53 W. Jackson Blvd.
Suite 703
Chicago, Illinois 60604
(312) 922-3777
Facsimile: (312) 663-5386
e-mail address: jagraham.law@mac.com

CERTIFICATE OF SERVICE

      I, James A. Graham, an attorney, certify that I shall cause to be served a copy of Defendant's "SENTENCING MEMORANDUM" upon the following individual(s) by ECF delivery, this 15th day of March, 2017.

TO:    Kristin M. Linsley
         Asst. United States Attorney
         219 S. Dearborn St.
         5th Floor, North
         Chicago, Illinois 60604

                                        s/ *James A. Graham*
                                        Attorney for
                                        DAVID CASTANEDA-SOLIS

James A. Graham (ARDC 6184279)
Attorney at Law
53 W. Jackson Blvd.
Suite 703
Chicago, Illinois 60604
(312) 922-3777
Facsimile: (312) 663-5386
e-mail address: jagraham.law@mac.com